WRIGHT vs. GREEN.

Where the owner of land, in making a deadening upon it, to increase its market value and throw it sooner into market, extends the deadening over his line upon the public land, without any design of settlement upon or improvement of it, especially if the improvement is of little amount and value, he is not entitled, under the act of 16th January, 1855, to be a preferred purchaser of the land.

*Appeal from Pulaski Chancery Court.*

Hon. URIAH M. ROSE, Chancellor.

WATKINS and KNIGHT, for appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Joshua F. Green, being the owner of the east half of section twenty-eight, in township one south, of range eleven west, procured Webb, the county surveyor, to lay off two hundred acres, so as to include the north-east quarter of the section, to direct his laborers where to make a deadening, which Green wished to have made, for the purpose of increasing the value and saleableness of a large tract of land which included the half section mentioned.

Beginning at the half mile corner on the line between sections twenty-one and twenty-eight, Webb traced an open line between the north-east and the north-west quarters of section twenty-eight ;

and the deadening for Green was made by this line.   Green did not own, nor assert any claim to the north-west quarter of section twenty-eight, nor was Webb instructed, nor did he intend to obtrude his line upon that piece of land.   It is, however, contended by Mrs. Green, the plaintiff and appellee in this case, that following up the line traced by Webb, Green caused a strip of deadening to be made along the eastern side of the north-west quarter of the section, narrow at first, but continually widening, so that about an acre of ground was deadened west of the correct line of Green's land.

This would be sufficiently established by the testimony of Mrs. Green's witnesses, Worthen and Starbuck, were it not that two other surveyors, Langtree and Martin, were unable to find the deadening upon the north-west quarter section.   However the fact may be, and whatever favorable consequences might result to Mrs. Green from a deadening west of the open line, she has failed in showing its existence.   For two witnesses against two, all of equal expertness so far as the court knows, are not sufficient to maintain the cause of a plaintiff.   And if the testimony of Webb be taken into account, the preponderance of proof is against the plaintiff.

But if we were to hold it certain that the deadening alleged by the plaintiff had been made, made, as it was, to increase the market value of Green's land, and to throw it sooner into market, without any design of settlement upon, or improvement of the north-west quarter, and especially being an improvement of so little amount and value, we should not hold it an improvement under the act of 16th January, 1855, that would give to Green, or his representatives, a right to a preferred purchase of the land.

Upon both these points the chancellor was of a different opinion from that herein given, and he accordingly divested the legal title from Wright, who had obtained it from the state, holding him as a trustee for Green.

For these errors, without regard to the qualities of Wright's

pre-emption, the decree is reversed, and the plaintiff's bill dismissed.